[Civ. No. 22804.  Second Dist., Div. Three.  Aug. 15, 1958.]

SEARS, ROEBUCK AND COMPANY (a Corporation), Respondent, v. H. W. STEWART, as Director of Department of Employment, Appellant.

Edmund G. Brown, Attorney General, Irving H. Perluss, Assistant Attorney General, and Vincent P. Lafferty, Deputy Attorney General, for Appellant.

John L. Wheeler, John J. McCue and Theodore G. Morris for Respondent.

PATROSSO, J. pro tem.*—Defendant, the Director of the Department of Employment of the State of California, appeals from a judgment in favor of the plaintiff in an action for refund of assessments made by the defendant against the plaintiff for unemployment compensation benefits paid by the appellant to 11 former employees of the plaintiff.

The facts are undisputed and the question presented is purely one of law which may be thus stated: Were the former employees of the plaintiff in question covered by and entitled to benefits under the plaintiff's voluntary plan providing unemployment compensation disability benefits for its employees by reason of disability sustained by them at a time following their discharge or resignation from plaintiff's employ?

At the time of their discharge or resignation each of these employees was entitled to and received from the plaintiff an amount representing accrued vacation pay and/or service pay.[1] Following such resignation or discharge but during a period of time commencing with the day after the day of such discharge or resignation and continuing for the number of days for which his vacation pay or service pay, alone or in combination, was paid, each of such former employees incurred disability within the meaning of the Unemployment Insurance Code.

Pursuant to the provisions of sections 3251-3271 of the Unemployment Insurance Code, hereinafter referred to as the Code, the plaintiff, with the approval of the Director of the Department of Employment, adopted a voluntary plan for the payment of disability benefits to its employees. This plan as it existed during the period with which we are here

---

*Assigned by Chairman of Judicial Council.

[1]Under the personnel regulations of the plaintiff, upon termination of employment an employee with one or more years of service who has not taken the vacation due him on his last anniversary date is entitled to pay for his vacation. The employee is also entitled to vacation earned from his last anniversary date to his last day worked at the rate of 1/6 of a week's pay for each calendar month of service. In addition he is entitled to a service allowance at the rate of 1/6th of a week's pay for each four months of service.

concerned contained, among other things, the following provisions:

"D. DISABILITY BENEFITS: Any employee while covered under this plan who becomes disabled by any physical or mental illness or injury, except as hereinafter excluded, so as to prevent him from performing his regular or customary work, shall be paid benefits for the period of such disability by this plan as set forth in the following schedule, subject to limitations and provisions hereinafter stated":

"G. INDIVIDUAL TERMINATION: The participation of any employee under this plan shall terminate: . . . 2. Any employee who ceases to be employed because of a leave of absence or layoff, without pay which extends for a period of two weeks or more; of [sic] because of resignation, dismissal, being pensioned or retired, shall cease to be covered by this plan at the end of such two weeks or upon termination of the employer-employee relationship by reason of resignation, dismissal, being pensioned or retired."[2]

The provision last above quoted would seem to make unmistakably clear that an employee's right to disability benefits under the plaintiff's voluntary plan ceases upon his resignation or discharge. Indeed, it would be difficult to select language which would more clearly express this thought. Appellant, however, asserts that it does not mean what it plainly says. The argument in support of this contention is as follows: Vacation and service pay constitute "wages" (*Jones* v. *California Emp. Stab. Com.* (1953) 120 Cal.App.2d 770 [262 P.2d 91]); section 1252 of the Code provides that "An individual is 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him"; section 1251 provides that unemployment compensation benefits are payable to "unemployed individuals" and one receiving wages is not unemployed and hence not entitled to unemployment benefits. (*Bradshaw* v. *California Emp. Stab. Com.* (1956) 46 Cal.2d 608, 610-612 [297 P.2d 970].) Thus it necessarily follows, so says the ap-

---

[2]This was the language of this provision as it read during the period from and after January 1, 1954. From January 1, 1952, to December 31, 1953, it read as follows:

"G. INDIVIDUAL TERMINATION: The participation of any employee under this plan shall terminate: . . . 2. Any employee who ceases to be employed because of a leave of absence or layoff, without pay which extends for a period of two weeks or more; or because of resignation, dismissal, being pensioned or retired, shall cease to be covered by this plan at the end of such two weeks or immediately upon his resignation, dismissal, being pensioned or retired."

pellant in effect, that one who is not "unemployed" because he is receiving "wages" must be employed by someone, namely: the one from whom he has received "wages" (vacation pay and service pay) during the period in question.

This argument is tersely but effectively answered by the brief memorandum opinion of the trial judge in announcing his decision herein with which we are in full accord:

"In this case as was indicated in the conference between the court and the attorneys for the parties herein on June 3rd, the court finds no quarrel with the authorities cited by both counsel and the propositions for which those authorities stand. However, in spite of the fact that it is now definitely established that the 'vacation pay' and 'service pay' referred to in the stipulation of facts herein is wages insofar as unemployment benefits are concerned, such a fact is of no consequence and has no bearing on the question before the court at this time.

"The voluntary plan of the plaintiff which was approved by the defendant and accepted by the employees is clear and concise, and without ambiguity in that the right to disability benefits thereunder terminates with the termination of the employer-employee relationship, which termination was the date of dismissal or resignation of the said employees.

"Under the plaintiff's voluntary plan which terminates the right to disability benefits upon resignation or dismissal, the State, in paying such benefits, is merely paying something it is obligated for under the statute, and which has not been provided for by the employer and for which the employer is not liable by reason of the provisions of said voluntary plan."

The voluntary plan established by plaintiff and accepted by its employees was, as stated, approved by the director. Presumably it conformed to the conditions prescribed as prerequisite to the approval of such a plan by section 3254 of the Code, including among other things that "The rights afforded to the covered employees are greater than those provided for in Chapters 2 and 3 of this part." We must assume that the plaintiff's employees, in considering whether to accept the voluntary plan, weighed the relative benefits afforded thereby as against those available to them under the statute, and concluded that the plaintiff's plan was the most advantageous to them. ■ There is no reason why the employees in accepting the plan could not relinquish some benefits under the statute in order to obtain benefits conferred by the plan which they considered of greater value and more advantageous than

those available under the statute. We find nothing in the Code which suggests that, with the approval of the director, such a voluntary plan may not provide, as does the one here, that the employee's right to benefits thereunder shall cease upon resignation or discharge. Nor need we pause to consider whether the director could have refused to approve the plan because it contained this provision for, having received his approval, it became not only a binding contract between the plaintiff and its employees but it operated to cast upon the State Disability Fund liability for benefits to which an employee might be entitled under the statute upon his ceasing to be covered by the voluntary plan. (Unemp. Ins. Code § 3263.)

█ The only other provision contained in the plan to which appellant refers in support of its contention is that found in the paragraph entitled "Limitations" and which reads as follows:

"Benefits for any day of disability for which the employee receives wages shall be paid in an amount not to exceed the benefits provided in paragraph D1 which, together with any wages received by the employee, do not exceed 1/7 of 70% of his weekly wage immediately prior to the commencement of his disability."

Appellant asserts that this provision demonstrates that payment of disability insurance benefits under the plan was contemplated for any day of disability for which the employee receives "wages." This may readily be conceded but it does not operate to establish, as appellants suggest, that one who has resigned or been discharged continues to be an "employee" entitled to benefits under the plan in view of the provision previously quoted which expressly provides that the right to benefits thereunder shall cease upon resignation or discharge. Moreover, the provision last above quoted does not undertake to define eligibility to benefits but rather to prescribe a limitation upon the amount of the benefits payable in accordance with section 2656 of the Code.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 10, 1958.